IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 24, 2008

## STATE OF TENNESSEE v. DWAYNE ANTHONY DIXON

**Appeal from the Criminal Court for Sullivan County**
**Nos. S52,716, S51,198    Robert H. Montgomery, Jr., Judge**

---

**No. E2007-02237-CCA-R3-CD - Filed August 26, 2008**

---

The defendant, Dwayne Anthony Dixon, pleaded guilty in the Sullivan County Criminal Court in case number S51,198 to one count of possession of less than .5 grams of cocaine with intent to sell or deliver, possession of less than one-half ounce of marijuana, speeding, and felony evading arrest. In case number S52,716, the defendant pleaded guilty to one count of possession of .5 grams or more of cocaine with intent to sell or deliver.  Pursuant to a plea agreement between the parties, the trial court imposed sentences of five years for possession of less than. 5 grams of cocaine, 11 months and 29 days for possession of less than one-half ounce of marijuana, 30 days for speeding, one year for felony evading arrest, and ten years for possession of .5 grams or more of cocaine.  The agreement provided for partially consecutive sentencing, for an effective sentence of 15 years to be served in the Department of Correction.  In this appeal, the defendant challenges the denial of alternative sentencing.  Discerning no error, we affirm the judgments of the trial court.

### Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Whitney Taylor (at trial), and Keith A. Hopson (on appeal), Kingsport, Tennessee, for the appellant, Dwayne Anthony Dixon.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and William B. Harper and Lewis Combs, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

On August 31, 2007, the defendant entered pleas of guilty to possession of less than .5 grams of cocaine with intent to sell or deliver, possession of less than one-half ounce of marijuana, speeding, and felony evading arrest in case number S51,198 and to possession of .5 grams or more

of cocaine with intent to sell or deliver in case number S52,716.[1]  At the plea submission hearing, the State offered the following recitation of facts:

> The State's proof in S51,198 would have been, had this case gone to trial, that Officer Billy Boyd of the Kingsport Police Department was patrolling around the Center Street section of Kingsport and in Sullivan County.[2]  He would testify that at the intersection of Wilcox Drive he observed a Toyota, the individual driving the Toyota ran a red light, passed Wilcox turning east on Center Street.  The proof would be . . . that after he stopped the car, the defendant, Anthony Dwayne Dixon, was the individual that was driving the car.
>
> The proof would be that after the defendant ran the red light the car traveled at a high rate of speed, in excess of 60 miles per hour in a 30 mile per hour zone.  It continued on up Pinola and was observed turning north on Eastman Road without stopping at a stop sign.  He followed the vehicle into the parking of Food City grocery store behind the Burger King where finally the vehicle stopped. . . . The officer, during all of that chase, had his blue lights activated and was attempting to stop the defendant.  The defendant was asked if there were any drugs in his vehicle.  He said there were not any but [during] the search, a large amount of cash was found in the vehicle.  Also found in the vehicle was 2.1 grams of what [was] . . . later confirmed by the TBI lab to be cocaine.  Also found was one gram of marijuana.  The State's proof would further be that $2,099.00 of cash was found in the vehicle as well; $791.00 was in the front pocket of the defendant. . . .
>
> The State's proof in 52,716 would have been had that case gone to trial that Officer McQueen would testify that on March the 26th, 2005[,] that he observed a blue Chevy Caprice matching that of a suspect vehicle from an earlier domestic assault.  He attempted to catch the vehicle several times but the driver would not pull over and in his opinion tried to lose him as far as the speed and the turns.  The testimony would be that he finally stopped the vehicle at Cheddar's Restaurant in Kingsport and in Sullivan County.  He would testify that the defendant, Dwayne Dixon, was the person that was driving the vehicle.  He arrested him for driving without a

---

[1]The defendant also pleaded guilty on this same date to one count of possession of .5 grams or more of cocaine with intent to sell or deliver in case number S51,199.  Pursuant to the plea agreement, he received a sentence of eight years' probation for this conviction, and neither the conviction or sentence has been challenged in this appeal.

[2]The record otherwise shows that this event occurred in August 2004.

driver's license and as a part of the arrest there was a search done; 61 grams of what appeared to be crack cocaine was found in the back seat. It was later confirmed by the TBI labs to be cocaine or a substance containing cocaine. The defendant was arrested. As I said there was $283.00 in cash seized from the defendant. . . .

Also at the hearing, the 25-year-old defendant testified that he had moved from Fort Lauderdale, Florida to live with the mother of his two-year-old son. While in Sullivan County, the defendant held jobs at Chiquola Fabric, Exide, and Dominoes. He stated that he began selling drugs to make money after losing his job. Before being arrested in August 2004, the defendant had never been convicted of any crime.

In this appeal, the defendant contends that the trial court should have granted probation or other alternative sentencing. The State submits that the defendant was not eligible for probation on the ten-year sentence for possession with intent to sell or deliver .5 grams or more of cocaine. The State also asserts that the denial of other forms of alternative sentencing was appropriate based upon the defendant's criminal history and the nature of the offenses.

Initially we note that at the time of the defendant's sentencing, the legislature had amended the sentencing code to address the implications of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). *See* T.C.A. § 40-35-114 (2003) (promulgating factors for enhancing sentence length) (amended Pub. Acts 2005, ch. 353, § 5 (effective June 7, 2005)). The transcript of the sentencing hearing indicates that the trial court informed the defendant that because of the date of the offenses, he would be sentenced under the 2003 version of the Sentencing Act. Had the defendant desired sentencing under the 2005 amendment to the Sentencing Act, he could have executed a waiver of his ex post facto protections. *See* T.C.A. § 40-35-114 (Supp. 2005), compiler's notes; *see also State v. Robert Lamont Moss, Jr.*, No. M2006-00890-CCA-R3-CD, slip op. at 5 n.1 (Tenn. Crim. App., Nashville, Dec. 4, 2007). No waiver appears in the record; thus, the sentence in this case was governed by the pre-2005 statute.

When a defendant challenges the manner of service of a sentence, this court generally conducts a de novo review of the record with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2003). This presumption, however, is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the defendant. *Id.* If the review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In the event the record fails to demonstrate the required consideration by the trial court, appellate review of the sentence is purely de novo. *Ashby*, 823 S.W.2d at 169.

In making its sentencing determination in the present case, the trial court, at the conclusion of the sentencing hearing, was obliged to determine the propriety of sentencing

-3-

alternatives by considering (1) the evidence, if any, received at the guilty plea and sentencing hearings, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant made in his behalf about sentencing, and (7) the potential for rehabilitation or treatment. T.C.A. § 40-35-210(a), (b); -103(5); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

Under the 2003 version of the Sentencing Act, an "especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(6) (2003).[3] Further, a defendant is eligible for probation "if the sentence actually imposed upon such defendant is eight (8) years or less," and the trial court is required to consider probation as a sentencing option. *Id.* § 40-35-303(a), (b). A defendant's potential for rehabilitation or lack thereof should be examined when determining if an alternative sentence is appropriate. *Id.* § 40-35-103(5). Sentencing issues are to be determined by the facts and circumstances made known in each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

In this case, the defendant received a sentence of ten years in exchange for his plea of guilty to the sale of .5 grams or more of cocaine, which is a Class B felony. Because the sentence actually imposed exceeds the eight-year limitation established in Code section 40-35-303(a), the defendant was not eligible for probation for this offense. *See* T.C.A. §40-35-303(a) (2003). Similarly, because the conviction offense is a Class B felony, the defendant enjoyed no presumption of favorable candidacy for alternative sentencing as to this offense. *See id.* § 40-35-102(6). With regard to the remaining offenses, most notably the five-year sentence for possession of less than .5 grams of cocaine which must be served consecutively to the ten-year sentence for possession of .5 grams or more of cocaine, the defendant is eligible for probation, *see id.* § 40-35-303(a), and presumed to be a favorable candidate for alternative sentencing, *see id.* § 40-35-102(6).

The trial court's determinations of whether the defendant is entitled to an alternative sentence and whether the defendant is a suitable candidate for full probation are different inquiries with different burdens of proof. *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). When, as is partly the case here, the defendant is entitled to the statutory presumption favoring alternative sentencing, the State must overcome the presumption by the showing of "evidence to the contrary." *Ashby*, 823 S.W.2d at 169; *State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), *overruled in part on other grounds by State v. Hooper*, 29 S.W.3d 1, 9-10 (Tenn. 2000); *see* T.C.A. §§ 40-35-102(6), -103. What constitutes "evidence to the contrary" can be found in Tennessee Code Annotated section 40-35-103, which provides:

> Sentences involving confinement should be based on the following considerations:

---

[3]The 2005 amendment to Code section 40-35-102(6) provides that those defendants who meet certain statutory prerequisites "should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. A court shall consider, but is not bound by, this advisory sentencing guideline." T.C.A. § 40-35-102(6) (2006).

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1).

Conversely, the defendant is required to establish his "suitability for full probation as distinguished from his favorable candidacy for alternative sentencing in general." *State v. Mounger*, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999); *see* T.C.A. § 40-35-303(b); *Bingham*, 910 S.W.2d at 455-56. A defendant seeking full probation bears the burden of showing that probation will "'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990) (quoting *Hooper v. State*, 297 S.W.2d 78, 81 (1956)), *overruled on other grounds by Hooper*, 29 S.W.3d at 9-10. Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978).

The trial court denied both probation and alternative sentencing based upon the defendant's criminal history, which it concluded evinced a "sustained intent to violate the law," and the defendant's failure to comply with the conditions of his release into the community on bond. The trial court noted that the defendant was arrested after being twice placed on bond and that the amount of drugs in the defendant's possession increased with each arrest. The trial court found that the defendant had entered guilty pleas to several misdemeanor drug offenses in the General Sessions Court in addition to those charged in the cases at issue in this appeal. The court observed that the defendant had "a clear disregard for the laws and morals of society because these are severe offenses, because of the impact that I see in this community of drugs."

Although the trial court did not clearly enumerate upon which of the factors from Code section 40-35-103 it had based its denial of alternative sentencing, it apparently relied, at least to some extent, upon all three. Although the trial court could have been more articulate in its denial of alternative sentencing, the record supports the denial.

As indicated, the defendant was ineligible for probation and bore the burden of establishing his suitability for alternative sentencing with regard to his ten-year, Class-B conviction for possession of .5 grams or more of cocaine in case number S52,716. *See, e.g.*, *State v. Michael W. Dinkins*, No. E2001-01711-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Apr. 26, 2002); *State v. Joshua L. Webster*, No. E1999-02203-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Dec. 4, 2000). First, the record establishes that the defendant's conduct actually imperiled him of a more significant penalty than that he received; the amount of cocaine seized from the defendant during the March 2005 arrest was 54.9 grams. *See* T.C.A. § 39-17-417(i)(5). A sentencing court may consider a defendant's enjoyment of leniency in the selection of a particular conviction offense in awarding or rejecting alternative sentencing options. *State v. Samuel D. Braden*, No. 01C01-9610-CC-00457, slip op. at 15 (Tenn. Crim. App., Nashville, Feb. 18, 1998); *State v. Steven A. Bush*, No. 01C01-9605-CC-00220, slip op. at 9 (Tenn. Crim. App., Nashville, June 26, 1997); *State v. Fredrick Dona Black*, No. 03C01-9404-CR-00139, slip op. at 3-4 (Tenn. Crim. App., Knoxville, Apr. 6, 1995). We hold that the defendant failed to carry his burden of establishing entitlement for alternative sentencing on the ten-year sentence in case number S52,716.

Further, it is our view that the defendant failed to carry his burden of establishing his suitability for full probation on the remaining sentences. The record established that at the time of the sentencing hearing, the 25-year-old defendant had previously been convicted of misdemeanor possession of cocaine, misdemeanor possession of marijuana, misdemeanor possession of a schedule IV controlled substance, and misdemeanor possession of drug paraphernalia. Although the defendant candidly admitted that selling drugs was his only source of income during the period beginning in August 2004 and ending in March 2005, he was unapologetic when he stated that he was "addicted" to the lucrative lifestyle of drug-dealing. Moreover, although the defendant informed the preparer of the presentence report that he had "straightened up" and "learned [his] lesson," he complained that "this is costing me everything money and time to go[] [to] court." He also refused to take responsibility for his actions, suggesting to the interviewer that he was being unfairly targeted by police and that he had not actually possessed the drugs as indicated in the plea agreement. "[A] defendant's credibility and willingness to accept responsibility for the offense are circumstances relevant to determining his rehabilitation potential." *State v. Dowdy*, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994) (citing *State v. Anderson*, 857 S.W.2d 571, 574 (Tenn. Crim. App. 1992)).

Finally, it is our view that the State overcame the presumption of the defendant's favorable candidacy for alternative sentencing on the remaining convictions. The record establishes that although the defendant does not have a "long" history of criminal conduct, his brief criminal history is particularly egregious. Beginning with his arrest on August 26, 2004, the defendant was arrested four times in an eight month period, and each of the arrests culminated in convictions. This court cannot ignore the sheer volume of the defendant's criminal activity simply because it occurred within a relatively brief period of time. *State v. Hicks*, 868 S.W.2d 729, 732 (Tenn. Crim. App. 1993). Furthermore, the record establishes that the amount of drugs in the defendant's possession increased with each arrest with his last arrest resulting in the seizure of 54.9 grams of crack cocaine. Rather than quelling his criminal activity following his August 2004 arrest, the defendant returned to the illegal drug trade with increased fervor. In addition, as we have previously indicated, the defendant was shown great leniency by being permitted to plead guilty to possessing a significantly lower amount of cocaine than was actually seized during his arrests. In our view, these facts support

a conclusion that incarceration is necessary to avoid depreciating the seriousness of the offenses. *See* T.C.A. § 40-35-103(B). Moreover, the record establishes that the defendant was on bond when he committed the offenses detailed in case numbers S51,199 and S52,716, thus establishing that incarceration is necessary because measures less restrictive than confinement have frequently and recently been applied to the defendant without success. *See State v. Miranda Sexton*, No. E2006-01471-CCA-R3-CD (Tenn. Crim. App., Knoxville, Feb. 27, 2007); *Larry Lenord Frazier*, No. M2003-00808-CCA-R3-CD (Tenn. Crim. App., Nashville, Jan. 8, 2004); *State v. Jeremy Jones*, No. E1999-02207-CCA-R3-CD (Tenn. Crim. App., Knoxville, Aug. 23, 2000); *State v. David Carl Orr*, No. W1998-00010-CCA-R3-CD (Tenn. Crim. App., Jackson, May 19, 2000); *State v. Rickey Hailey*, No. 02C01-9705-CR-00198 (Tenn. Crim. App., Jackson, May 14, 1998); *State v. Kenneth A. Price*, No. 01C01-9310-CC-00338 (Tenn. Crim. App., Nashville, Apr. 28, 1994).

Accordingly, the judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE